NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3691-23

RAVENS CREST EAST AT
PRINCETON MEADOWS
CONDOMINIUM
ASSOCIATION, INC.,

     Plaintiff-Appellant,

v.

SWARNAB BANERJEE,

     Defendant-Respondent.

_____

Submitted May 13, 2025 – Decided August 11, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0211-19.

Cutolo Barros, LLC, attorneys for appellant (Jennifer M. Kurtz, on the brief).

Respondent has not filed a brief.

PER CURIAM

Plaintiff Ravens Crest East at Princeton Meadows Condominium Association, Inc. (the Association), appeals from a July 25, 2024 final judgment order following a bench trial, dismissing the Association's complaint with prejudice. The main dispute in this case centers on the late fees and attorney's fees the Association charged defendant Swarnab Banerjee during years when defendant had been making timely assessment payments. We hold that the trial court's decision denying the Association the balance of the fees sought was neither a legal error nor an abuse of discretion. We affirm.

I.

Ravens Crest East at Princeton Meadows is a condominium community overseen by the Association, a nonprofit corporation. Since 2010, defendant has owned a condominium unit within this community. As an owner, and therefore an automatic member of the Association, defendant was responsible for paying the monthly common expense assessment, pursuant to the provisions of the Association's governing documents: Article 15 of the Master Deed, and Article 2, Section 2.1 of the Bylaws.

Between 2011 and 2015, defendant did not remit the assessment payments as required. As a result, the Association initiated litigation against defendant

(first complaint).[1]   The Association was awarded a judgment against defendant for $26,516.84.

Beginning on October 5, 2015, defendant set up ongoing automatic withdrawals from his bank account to pay the monthly common assessment.  It is not disputed that since this date in 2015, defendant has timely and consistently paid the monthly assessment fee.  The Association, however, applied these payments to the judgment until it was fully satisfied.

In 2019, the Association sued defendant again, alleging he failed and refused to make common expense payments to the Association as required.  The Association sought damages including unpaid fees, late fees, and reasonable attorney's fees.  In October 2021, the trial court entered partial summary judgment as to liability against defendant and scheduled a proof hearing to resolve the issue of damages.  This second complaint is the subject of this appeal.

On June 10, 2024, the trial court conducted a proof hearing.  The Association called one witness, Tom Boland, the district manager, responsible for overseeing the daily affairs of the Association.  Boland, who had been employed by the Association since 2012, confirmed that since October 2015,

---

[1]  Docket No. MID-L-4738-15.

A-3691-23

defendant has been making direct debt payments, which the Association applied to the judgment from the first complaint. Boland also confirmed that defendant recently made a payment of $5,163.60, which was credited to defendant's balance.

Defendant testified on his own behalf and explained that after the direct payments were made and the judgment was satisfied, defendant repeatedly requested the final amount he owed so he could resolve the matter. Defendant agreed that the only disputed amounts were the late fees, fines, and attorney's fees incurred since 2021, while he was regularly remitting monthly payments.

Defendant acknowledged that as of January 2021, he owed the Association about $6,900—of which $5,163.60 was the outstanding assessment fees. In March 2021, defendant sent a letter to the Association's counsel agreeing to pay the amount of $5,163.60 provided the Association agreed to waive the following additional fees: (1) $864 in late fees; (2) $226 in additional fines; and (3) $1,389 in legal fees. Defendant testified that he did not receive a response. Nonetheless, on June 4, 2024, defendant remitted payment of $5,163.60.

According to the Association, at the time of the proof hearing, the amount of outstanding attorney's fees was $13,102.69. In analyzing the Association's

4

evidence, the court pointed out that as of May 31, 2024, defendant had already paid some amount of legal fees because a portion of the credits applied to defendant's account covered attorney's fees.

Regarding defendant's March 11, 2021 letter, the court characterized it as "tantamount to" an offer of judgment. The court explained that if defendant's assessment of the amount owed, namely $5,163.60, was correct, then defendant "would not be susceptible to any attorney['] fees of any sort . . . ." The court acknowledged the Association rejected the offer of judgment, which was within their right to do.

The court agreed with defendant that as of March 2021, defendant owed $5,163.60 based on its review of the evidence. By rejecting defendant's offer to pay this amount, the Association did so "at their own risk." The court further explained that the Association owes "their members a higher level of duty . . . than how they handled this matter." Therefore, the court concluded the Association acted in bad faith, while defendant acted in good faith, finding in defendant's favor and dismissing the Association's complaint. This appeal followed.

The Association raises the three points for our consideration, asserting the trial court erred by: (1) relying on defendant's March 2021 letter, which was not

admitted into evidence and was an inadmissible settlement communication; (2) failing to enter judgment for the full amount of the Association's attorney's fees despite the Association's contractual and statutory right to recover these fees; and (3) abusing its discretion by denying the Association judgment for the full amount of costs and attorney's fees even though the court concluded the fees were reasonable.

## II.

We review a "trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial," pursuant to a deferential standard. Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). We will "'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Additionally, "a reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc.,

A-3691-23

200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)).

On the other hand, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are reviewed de novo. Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). When an alleged error is not objected to at trial or raised before the trial court, the issue is reviewed for plain error. State v. Singh, 245 N.J. 1, 13 (2021) (citing R. 2:10-2; State v. Camacho, 218 N.J. 533, 554 (2014)). The question of whether plain error occurred depends on whether the error was clearly capable of producing an unjust result. Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999); see R. 2:10-2.

The Association contends the trial court erred by relying on defendant's March 2021 letter because it was not properly admitted into evidence and should not have been admitted because it was a settlement communication. Because the Association did not raise this issue before the trial court, we review for plain error.

On cross-examination, defendant was asked by the Association's counsel if he acknowledged the undisputed portion of the account balance. Defendant confirmed that he owed $5,163.60 of the approximate $6,900 account balance,

excluding late fees, attorney's fees and costs. Defendant also explained that in the March 2021 letter, he expressed a willingness to pay this amount immediately. Indeed, in the March 2021 letter, defendant stated he would pay this amount provided the Association would waive the remaining disputed fees.

Generally, settlement discussions are not admissible under N.J.R.E. 408, which states:

> [w]hen a claim is disputed as to validity or amount, evidence of statements or conduct by parties or their attorneys in settlement negotiations, with or without a mediator present, including offers of compromise or any payment in settlement of a related claim, is not admissible either to prove or disprove the liability for, or invalidity of, or amount of the disputed claim. Such evidence shall not be excluded when offered for another purpose; and evidence otherwise admissible shall not be excluded merely because it was disclosed during settlement negotiations.

"One of the underlying reasons for the exclusion of this type of evidence is the social policy favoring and encouraging amicable out-of-court settlements." Leslie Blau Co. v. Alfieri, 157 N.J. Super. 173, 200 (App. Div. 1978) (citing Rynar v. Lincoln Transit, Inc., 129 N.J.L. 525, 528-29 (E. & A. 1943)). However, if "[t]he subject statement was unrelated to settlement negotiations" or is admitted for another purpose, it can be admissible despite the rule. Ibid.

8                                                                                          A-3691-23

Here, plaintiff accepted defendant's payment of $5,163.60, and applied it to defendant's account balance. So, there was no dispute that defendant owed this amount as of January 2021 as set forth in the letter. What remained in dispute, however, was whether defendant should be held responsible for the additional late fees, attorney's fees and costs incurred since 2021. Therefore, because the March 2021 communication conveyed an undisputed amount, we discern no legal error in the trial court's reliance on the letter to confirm the balance defendant owed. Moreover, we conclude any reliance on the letter did not rise to plain error, resulting in an unjust result.

III.

Defendant further contends the trial court legally erred by denying the Association the reasonable attorney's fees to which they were entitled and the court abused its discretion in not awarding those fees. We begin first with the issue of whether the court legally erred by denying the Association reasonable attorney's fees.

New Jersey follows the American Rule, which provides that a prevailing party is entitled to attorney's fees if it is authorized by the parties' contract, court rule, or statute. Litton Indus., Inc., 200 N.J. at 404-06. The Condominium Act authorizes the collection of "reasonable attorney's fees imposed or incurred in

the collection of [an] unpaid assessment." N.J.S.A. 46:8B-21(a). Accordingly, Article 7, Section 7.8 of the Association's Master Deed and Article 6, Section 6.10 of the Bylaws permit the Association to collect reasonable attorney's fees incurred in the collection of unpaid Association fees.

Here, it is not disputed that the Association's governing documents authorized the Association to seek reasonable attorney's fees when incurred in the collection of owner's mandatory fees. Contrary to the Association's contention, however, such attorney's fees are permitted by statute; they are not statutorily mandated. See N.J.S.A. 46:8B-21. The court has the authority when reviewing an application for attorney's fees first to determine whether or not to grant fees in a given case, and, second, to determine if the fees requested are reasonable. We discern no error in the court's legal determination not to award the balance of attorney's fees to the Association and are satisfied that the court's conclusion was supported by the credible evidence in the record.

We further hold that the court did not abuse its discretion in denying the Association's request to award the balance of the fees. As the trial court correctly pointed out, a condominium association's fiduciary relationship with a unit owner "requires that in dealing with unit owners, the association must act reasonably and in good faith." Glen v. June, 344 N.J. Super. 371, 380 (App.

Div. 2001) (quoting Kim v. Flagship Condo. Owners Ass'n, 327 N.J. Super. 544, 554 (App. Div. 2000)). As the trial court found, "defendant has not only paid on time each and every monthly assessment" since 2015, but he also paid the $26,516.84 judgment in full. The Association, however, elected to apply defendant's payments toward the judgment while continuing to charge defendant a monthly late fee and attorney's fees for the remainder of the fees owed. After the March 2021 letter and up until the time of the proof hearing, the Association continued to impose late fees and attorney's fees on defendant, which the trial court concluded amounted to bad faith.

For these reasons, we are satisfied the court's determination that the Association acted in bad faith is supported by the credible evidence in the record. Moreover, we discern no abuse of the court's discretion in denying the fees based on its determination that the Association acted in bad faith.

Lastly, the Association contends the court abused its discretion by not conducting a lodestar analysis and denying its reasonable attorney's fees. A court should conduct a lodestar analysis when determining the reasonableness of the fees sought. Hansen v. Rite Aid Corp., 253 N.J. 191, 215 (2023) (citing Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995)). The "lodestar" is defined as the "number of hours reasonably expended" by the attorney, "multiplied by a

reasonable hourly rate." Litton Indus., Inc., 200 N.J. at 386 (citing Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004)). "The court must not include excessive and unnecessary hours spent on the case in calculating the lodestar." Furst, 182 N.J. at 22 (citing Rendine, 141 N.J. at 335-36).

Although the court concluded the Association's fees appeared "reasonable and fair," a determination of whether fees should be granted in the first instance precedes any determination of the reasonableness of those fees. Thus, because the court determined that fees were not justified under these circumstances, the court was not required to conduct the lodestar analysis.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-3691-23